UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-81039 CIV-RYSKAMP/VITUNAC

CONFESSOR ("TONY") RAMIREZ,
on behalf of himself and all other
similarly situated employees,

      Plaintiff,
v.

PALM TRAN, INC., a Florida
not for profit corporation,

      Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss **[DE 4]** filed on November 21, 2007.  Plaintiff filed a response **[DE 5]** on December 4, 2007.  Defendant did not file a reply.  This motion is now ripe for adjudication.

**I.    Introduction**

This is an action to recover under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq*.  Plaintiff was fired for excessive absenteeism, which he alleges is a violation of the FMLA.  Plaintiff seeks to recover back wages, benefits, liquidated damages, reinstatement, other equitable relief and attorney's fees and costs.  This suit was originally filed in the Fifteenth Judicial Circuit of Palm Beach County, Florida on September 28, 2007.  Defendant removed the action to this Court on November 5, 2007 pursuant to this Court's federal question jurisdiction.  Jurisdiction and venue are proper.

Plaintiff suffers from health problems related to diabetes and for back and neck problems that he sustained in an automobile accident.  Defendant originally hired Plaintiff as a bus

operator on April 26, 1998. In 2005, Plaintiff missed days from work due to his health problems related to diabetes. He was terminated on July 6, 2005 for having exceeded the leave he was permitted under the FMLA.

Plaintiff filed a grievance through his Union, which resulted in his reinstatement conditioned upon Plaintiff signing and agreeing to the terms outlined in the "Reinstatement Agreement and Release" (RAR). Plaintiff signed the agreement and was reinstated as a bus operator in February 2006.

The RAR provides that an employee will be rehired on a "probationary status" for two years. For the first twelve months, the RAR establishes and explains the minimum attendance necessary to avoid being fired for excessive absenteeism. For the second twelve months, another document, the Labor Management Agreement (LMA), and Article 22, establish and explain the Defendant's attendance policy.

Paragraph 8(a) of the RAR states:

> attendance is an essential function and requirement of the Employee's position. Accordingly ... the Employee must demonstrate within the first twelve (12) months following the date of his return to work, his ability to attend work regularly by actually working and not being charged with or incurring more than seven (7) occurrences (periods of absences) or fifteen (15) lost (absent) days, and/or incurring or being charged with three (3) or more missouts. The failure of the Employee to do so will be deemed excessive absenteeism and shall result in the Employee's termination.

Neither party provided the Court with a copy of the LMA or Article 22. It appears from Exhibit 2 of the Complaint, that pursuant to the LMA and Article 22, "employees who are out sick ten (10) times or a maximum of twenty-five (25) days in a rolling calendar year will be afforded a pre-termination hearing prior to termination for excess absenteeism."

On February 2007, Plaintiff completed twelve months of employment and was thereafter governed by the attendance policy in the LMA.

On June 28, 2007, Defendant wrote Plaintiff a letter informing him that he had already used nine sick days resulting in nine occurrences. The purpose of the letter was to inform Plaintiff that if his attendance continued to decline that there is a "strong possibility that your employment will be terminated." Plaintiff signed the letter on July 3, 2007.

On July 6, 2007, Plaintiff applied for FMLA leave. His request was granted on July 9, 2007. Plaintiff argues that he missed those nine days of work because of a serious health condition as defined under the FMLA. Plaintiff confirmed with the Palm Beach County Risk Management Occupational Health Clinic that he missed five of the nine days due to his injuries from the automobile accident.[1]

On July 27, 2007, Defendants fired Plaintiff for excessive absenteeism.

Plaintiff alleges that he was coerced to sign this agreement and that the agreement purports to waive future rights to medical leave and therefore violates the FMLA. He also alleges that his termination was pretextual and was retaliatory for his exercise of his FMLA rights. Defendant contends that Plaintiff's Complaint should be dismissed because Plaintiff has failed to allege sufficient facts to sustain an FMLA claim.

**II.     Discussion**

    **A.     Standard of Law on Motion to Dismiss**

A motion to dismiss merely tests the sufficiency of the complaint; it does not decide the merits of the case. *See Wein v. American Huts, Inc.*, 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004). Moreover, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules "do not require a

---

[1] Defendant argues that Plaintiff's neck and back injuries are not a "serious health condition" as defied by the FMLA. This Court declines to address that argument at this stage of the litigation.

claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.

When considering a motion to dismiss, the court must accept the well-pled facts in the complaint as true and construe them in the light most favorable to the plaintiff. *Beck v. Deloitte & Touche et al.*, 144 F.3d 732, 735 (11th Cir. 1998). As the Eleventh Circuit has noted, "the threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low." *In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995) (quotations omitted). Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action. *See Wein*, 313 F.Supp 2d at 1359.

To determine whether the complaint contains sufficient factual allegations, courts must look at the complaint and the supporting documents submitted with the Complaint. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). If there is a conflict between the complaint and supporting documents, the information contained in the supporting documents controls. If the plaintiff fails to attach a crucial document to the complaint a defendant may include that document with its motion to dismiss, but the Court's consideration of that document converts the motion into one for summary judgment. *Trustmark Ins. Co. v. ESLU Inc.*, 299 F.3d 1265, 1265 (11th Cir. 2002).

**B.     FMLA CLAIMS**

The FMLA allows eligible employees to take up to twelve work weeks of unpaid leave annually for, among other reasons, "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. §2612(a)(1)(D) (2008).

Intermittent leave for this reason can be taken when medically necessary. §2612(b)(1).

Defendant argues that Plaintiff was not terminated because he applied for FMLA leave. Rather, Defendant terminated Plaintiff because of his excessive absenteeism preceding his request for FMLA leave. It appears from Plaintiff's Complaint, however, that the terms of the LMA gave Plaintiff ten occurrences of absence before being terminated for excessive absenteeism. The record reflects that Plaintiff only missed nine days of work. Defendant did not provide any other information or argument in rebuttal. Thus, it is unclear to this Court why Plaintiff was terminated and it is possible that he was terminated pretextually. Discovery will meet out that issue. As such, it appears that the Plaintiff alleges sufficient facts to make out his claim at this stage of the litigation.

### III. Conclusion

The Court has carefully reviewed the motion and the pertinent portions of the record and based on the foregoing reasons, it is hereby,

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss the Complaint **[DE 4]** is DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 5 day of February, 2008.

       /s/ Kenneth L. Ryskamp  
       KENNETH L. RYSKAMP  
       UNITED STATES DISTRICT JUDGE

Copies provided to:  
All counsel of record