UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-81039 CIV-RYSKAMP/VITUNAC

CONFESSOR ("TONY") RAMIREZ,
on behalf of himself and all other
similarly situated employees,

    Plaintiff,

v.

PALM TRAN, INC., a Florida
not for profit corporation,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THIS CAUSE comes before the Court upon defendant's motion for summary judgment **[DE 22]** along with its statement of material facts **[DE 23]**, both filed on June 13, 2008. Plaintiff filed a cross-motion for summary judgment **[DE 42]** and responsive statement of material facts **[DE 43]** instead of responding to the motion on July 14, 2008. This Court entered an Order construing the cross-motion as a response to defendant's motion **[DE 44]** on July 15, 2008. Defendant replied and included a motion to strike plaintiff's affidavit **[DE 45]** on July 24, 2008. This Court held a hearing on September 17, 2008. The motion is now ripe for adjudication.

I.    **Introduction**

This is an action to recover under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq*. Plaintiff was fired for excessive absenteeism, which he alleges is a violation of the FMLA. Plaintiff seeks to recover back wages, benefits, liquidated

damages, reinstatement, other equitable relief and attorney's fees and costs. This suit was originally filed in the Fifteenth Judicial Circuit of Palm Beach County, Florida on September 28, 2007. Defendant removed the action to this Court on November 5, 2007, pursuant to this Court's federal question jurisdiction. Jurisdiction and venue are proper.

Plaintiff suffers from health problems related to two conditions: diabetes and for back and neck problems that he sustained in an automobile accident.

Defendant originally hired plaintiff as a bus operator on April 26, 1998. In 2005, plaintiff missed days from work due to his health problems related to diabetes. He was terminated on July 6, 2005 for having exceeded the leave he was permitted under the FMLA.

Plaintiff filed a grievance through his Union, which resulted in his reinstatement conditioned upon plaintiff signing and agreeing to the terms outlined in the "Reinstatement Agreement and Release" (RAR). Plaintiff signed the agreement and was reinstated as a bus operator in February 8, 2006. Plaintiff reported to work for the first time under the terms of the RAR on February 23, 2006.

The RAR provides that an employee will be rehired on a "probationary status" for two years. For the first twelve months, the RAR establishes and explains the minimum attendance necessary to avoid being fired for excessive absenteeism. For the second twelve months, another document, the Labor Management Agreement (LMA), and Article 22, establish and explain the defendant's attendance policy.

Paragraph 8(a) of the RAR states:

> attendance is an essential function and requirement of the Employee's position. Accordingly ... the Employee must demonstrate within the first twelve (12) months following the date of his return to work, his ability to attend work

regularly by actually working and not being charged with or incurring more than seven (7) occurrences (periods of absences) or fifteen (15) lost (absent) days, and/or incurring or being charged with three (3) or more missouts. The failure of the Employee to do so will be deemed excessive absenteeism and shall result in the Employee's termination.

Pursuant to the LMA and Article 22, "employees who are out sick ten (10) times or a maximum of twenty-five (25) days in a rolling calendar year will be afforded a pre-termination hearing prior to termination for excess absenteeism."

On February 23, 2007, plaintiff completed twelve months of employment and was thereafter governed by the attendance policy in the LMA.

On June 28, 2007, Defendant wrote Plaintiff a letter informing him that he had already used nine sick days resulting in nine occurrences. The purpose of the letter was to inform Plaintiff that if his attendance continued to decline that there is a "strong possibility that your employment will be terminated." Plaintiff signed the letter on July 3, 2007.

On July 6, 2007, Plaintiff applied for FMLA leave. His request was granted on July 9, 2007. Plaintiff argues that he missed those nine days of work because of a serious health condition as defined under the FMLA. Plaintiff confirmed with the Palm Beach County Risk Management Occupational Health Clinic that he missed five of the nine days due to his injuries from the automobile accident.

On July 27, 2007, Defendants fired Plaintiff for excessive absenteeism.

Plaintiff alleges that he was coerced to sign this agreement and that the agreement purports to waive future rights to medical leave and therefore violates the FMLA. He also alleges that his termination was pretextual and was retaliatory for his exercise of his FMLA rights. Defendant now seeks an order granting summary judgment on its behalf.

In this motion for summary judgment, defendant argues that it did not fire plaintiff in retaliation for his alleged exercise of FMLA rights. Defendant argues that plaintiff had two serious health conditions: (1) diabetes and (2) neck and back injuries relating from an automobile accident. The problem, defendant argues, is that plaintiff only formally sought FMLA leave for absences relating to diabetes. Thus, although plaintiff may have incurred absences due to his neck and back injuries, and although he could have requested FMLA leave for those injuries, plaintiff failed to properly request FMLA leave thereby violating the attendance policy. As a direct result defendant fired plaintiff.

II.     **Standard of Review**

A party is entitled to judgment as a matter of law when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment should be entered only when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *See Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir. 1983). Summary judgment is mandated when a plaintiff "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must construe all facts and draw all reasonable inferences in favor of the non-moving party. *HCA Health*

*Services of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). The non-moving party bears the burden of coming forward with evidence of each essential element of their claims, such that a reasonable jury could find in his favor. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990). "It is the obligation of the non-moving party, however, not the Court, to scour the record in search of the evidence that would defeat a motion for summary judgment: Rule 56 'requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Lawrence v. Wal-Mart Stores*, *Inc.,* 236 F. Supp. 2d 1314, 1322 (M.D. Fla. 2002) (quoting *Celotex*, 477 U.S. at 324). Moreover, mere conclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well-supported motion for summary judgment. *See Earley*, 907 F.2d at 1081. The failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *See Celotex*, 477 U.S. at 322.

### III.    Analysis

The FMLA allows eligible employees to take up to twelve work weeks of unpaid leave annually for, among other reasons, "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. §2612(a)(1)(D) (2008). A serious health condition is an "illness, injury, impairment, or physical or mental condition that involves – (A) inpatient care in a hospital, hospice, or

residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. §2611(11); 29 C.F.R. §825.114.

Intermittent leave for this reason can be taken when medically necessary. §2612(b)(1). When need for FMLA leave is not foreseeable, an employee must give notice to the employer "as soon as practicable under the facts and circumstances of the particular case. It is expected that an employee will give notice to the employer with no more than one or two working days of learning of the need for leave, except in extraordinary circumstances where such notice is not feasible." 29 C.F.R. §825.303(a). Written advance notice to the employer is not required in the case of a medical emergency because of an employee's own serious health condition. *Id.* When providing such notice, the employee need only state that leave is needed; expressly asserting the need for FMLA leave is not required as it is incumbent on the employer to acquire additional information to determine whether FMLA leave should be given. §825.303(b); *Gay v. Gilman Paper Co.*, 125 F.3d 1432, 1436 (11th Cir. 1997)("employee need only provide her employer with notice sufficient to make the employer aware of her absence is due to a potentially FMLA-qualifying reason"). Notice is sufficient if the employee gives the employer information to reasonably apprise the employer that the leave request is pursuant to a serious health condition. *Mauel v. Westlake Polymers Corp.*, 66 F.3d 758, 764 (5th Cir. 1995).

An employer can require an employee to comply with a certain procedure for requesting leave, including submission of a certification form from a healthcare professional in support of the employee's FMLA application. 29 U.S.C. §2613; 29 C.F.R. §§825.301(b), 825.302(d), 825.305. An employee's failure to comply with the

employer's procedural requirements does not entitle an employer to disallow or delay an employee's FMLA leave if the employee gives timely verbal or other notice. 29 C.F.R. §825.302(d); *Calvin v. Honda of Am. Mfg. Inc.*, 346 F.3d 713, 720-23 (6th Cir. 2003)(rule applies for both foreseeable and unforeseeable leave).

If an employee fails to properly notify an employer of his or her need for FMLA leave, an employer can delay the onset of the FMLA leave. This only occurs where an employer can show that the employee had actual notice of the FMLA notice requirements. 29 C.F.R. § 825.304.

An employer cannot terminate an employee for exercising their FMLA rights. 29 U.S.C. §2615. To prove retaliation without direct evidence of an employer's discriminatory intent, plaintiff must show that: (1) he engaged in statutorily protected conduct; (2) suffered an adverse employment action; and (3) there is a causal connection between the two. *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1297 (11th Cir. 2006); *Brungart v. Bellsouth Telecomms., Inc.*, 231 F.3d 791, 798 (11th Cir. 2000). Plaintiff must first make a prima facie retaliation case before the burden shifts to the defendant to rebut the presumption of retaliation by producing legitimate reasons for its actions. *Drago v. Jenne*, 453 F.3d 1301, 1307 (11th Cir. 2006). At that point, the presumption has been rebutted and the plaintiff must then show, by a preponderance of the evidence, that the employer's reasons were pretextual. *Id.*; *Shannon v. Bellsouth Tellecomm., Inc.*, 292 F.3d 712, 715 (11th Cir. 2002). Here, defendant concedes that plaintiff can prove the first two prongs. Thus, only causation is at issue.

Courts must construe causation broadly. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001). Evidence showing that an employer knew about the

protected conduct and knew that the protected acts and the adverse actions were somehow related is often sufficient to demonstrate a causal connection. *Shannon* at 716. Causation can be shown if one attempts to exercise his or her FMLA rights and is terminated close in time to having exercised those rights. If this is the only evidence of causation, however, the proximity must be very close or the retaliation claim fails as a matter of law. *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001)(holding that three month proximity is insufficient); *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004). If exercise of the protected activity is close in time to the adverse action, it is often sufficient circumstantial evidence to create a genuine issue of material fact and therefore preclude summary judgment. *Hurlbert* at 1298.

Although temporal proximity is often sufficient to raise the presumption of retaliation, it is often not sufficient to establish pretext without other evidence. *Abel v. Dubberly*, 210 F.3d 1334, 1339 n. 5 (11th Cir. 2000).

*Discussion*

This Court holds that there are material issues of fact in dispute and that summary judgment is therefore inappropriate. Of primary concern is whether plaintiff actually incurred ten absences. The parties disagreement between the parties regarding how the LMA should have been applied. Defendant argues that the LMA includes absences incurred during plaintiff's first year of rehire whereas plaintiff argues that it does not. *Maccaferri Gabions, Inc. v. Dynateria Inc.*, 91 F.3d 1431, 1439 (11th Cir. 1996)(recognizing that when a contract is open to multiple interpretations, it is ambagious and is a jury question). Second, there is an issue of fact regarding whether plaintiff gave sufficient notice to defendant of his intent to take FMLA leave. Third,

since the employer has a duty to inquire into why an employee is requesting leave, to determine whether the employee should be informed of his or her FMLA rights, there is a dispute of fact regarding what steps defendants took, if any, to inform plaintiff of his FMLA rights with respect to the absences at issue.  *See*, 29 C.F.R. §§825.303(b); *Gay v. Gilman Paper Co.*, 125 F.3d 1432, 1436 (11th Cir. 1997)("employee need only provide her employer with notice sufficient to make the employer aware of her absence is due to a potentially FMLA-qualifying reason").  Finally, the parties dispute whether plaintiff actually gave defendant notice that he intended to take FMLA leave because of his neck and back injuries.

*Admissibility of Plaintiff's Affidavit*

Plaintiff submitted his affidavit in support of his opposition to the motion for summary judgement.  Defendant argues that this affidavit contradicts previous deposition testimony and are intended to create issues of material fact.  This Court made the above determination without reference to the affidavits.  As such, this Court will deny the motion as moot.  Accordingly, it is hereby,

ORDERED AND ADJUDGED that defendant's motion for summary judgment **[DE 22]** is DENIED.  Defendant's motion to strike **[DE 45]** is DENIED as MOOT. DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 24 day of September, 2008

                                            /s/ Kenneth L. Ryskamp
                                            KENNETH L. RYSKAMP
                                            UNITED STATES DISTRICT JUDGE

Copies provided to:
All counsel of record